## Illinois Southern Railway Company v. Peter Hamill.

1. ORDINARY CARE—*how question of exercise of, by passenger upon wagon, injured at railroad crossing, to be determined.* This question is to be determined by the jury, and it is for the jury to say whether, under the circumstances, such passenger is to be held to the kind and measure of care and caution exacted of the driver of such wagon.

2. NEGLIGENCE—*when not imputed.* Negligence of the driver of a wagon is not to be imputed to a passenger upon such wagon injured at a railroad crossing.

3. MEASURE OF DAMAGES—*instructions upon, should confine jury to evidence.* Instructions with respect to the damages, if any, to be allowed, should plainly confine and limit the jury to the evidence in the cause.

4. EVIDENCE—*weight to be given to positive and negative.* Positive evidence is to be accorded greater weight than that given to evidence of a negative kind.

Action on the case. Appeal from the Circuit Court of Madison county; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

R. J. GODDARD and L. M. KAGY, for appellant; E. C. RITSHER and W. T. ABBOTT, of counsel.

W. F. BUNDY, FRANK F. NOLEMAN and HOWARD GARRISON, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This was an action on the case, brought by appellee against the appellant, to recover damages for personal injuries sustained in being run over by a locomotive on a highway crossing near Centralia, Illinois. The case was tried by a jury and a verdict returned in favor of appellee for $5,000, on which judgment was rendered, and from which an appeal was taken to this court. Exceptions were saved and error duly assigned upon rulings of the trial court in denying a motion

for security for costs, in the admission of evidence, in refusing to give a peremptory instruction requested, in the giving, modification and refusal of other instructions, and in overruling the motion for a new trial. The case was tried upon three counts of the declaration, to which the general issue was pleaded. The several counts are substantially the same and charge the appellant with negligence in failing to give the statutory signals of ringing the bell or sounding the whistle on approaching the highway crossing in question, and that the negligence charged caused the injury complained of. The declaration contains the further necessary averment, that appellee was in the exercise of due care.

Appellant's railroad runs in a southwesterly direction from the city of Centralia and crosses the highway running north and south. On each side of the highway was a high, thick hedge, in full foliage. The south end of the hedge, on the east side of the highway, was 130 feet from the north rail of the railroad. East of the highway 230 feet, and parallel with it, was another hedge, the south end of which was within 30 feet of the railroad track. This hedge was untrimmed, dense with foliage, and 15 or 20 feet high. The hedges described obstructed the view as indicated by their location. The right of way to the east, and a train approaching from that direction, could be seen a distance of 350 or 400 feet from any point on the highway within 130 feet of the railroad on the north side, the distance beyond the east hedge mentioned increasing as the track was approached. May 20, 1905, appellee and another young man were in a wagon owned and driven by a farmer named Kingsley, who that day in town engaged the young men for work at his farm in picking berries, and with them in the wagon was on his way home. Kingsley was driving, appellee was sitting on the seat by the side of Kingsley, but facing to the rear, and Burns, the other young man, was sitting on the right or west side of the wagon, but facing the east

as the wagon approached the crossing from the north. When the horses were near the track, Burns saw the train, apprehended danger, gave the alarm, and jumped out of the rear end of the wagon. Appellee attempted to do likewise, but, as he testifies, when about to jump, the team gave a lurch forward and caused him to strike the ground between the rails, instead of north of the track as he intended, and before he could get away the engine run over and crushed his leg, which was afterwards amputated above the knee. At the time the train was first seen by Burns the horses were in a walk and the train running at the rate of twelve or fifteen miles an hour, according to the testimony of the engineer and conductor.

It is contended by appellant that the peremptory instruction to find the issues for the defendant should have been given, for the reason (1) that there is no evidence that the negligence charged was the proximate cause of the injury, and (2) that the negligence of the plaintiff was so clearly established by undisputed evidence as to bar a recovery. The rapidly moving train towards the crossing threatened destruction of the wagon and its occupants, and the direct and natural consequence of that condition was the futile attempt of appellee to escape impending danger. It is within a reasonable probability that with timely notice of the approaching train, appellee would not have been injured, and if the lack of such timely notice was due to appellant's failure to give the signals required by law, it certainly follows that the injury is the proximate result of the negligence alleged.

Appellee was a passenger in Kingsley's wagon. He knew nothing of the road and had nothing to do with respect to the course pursued or the manner of driving. We are not prepared to say, as matter of law, that in the exercise of ordinary care for his own safety he should have faced about on the driver's seat, been on the alert and more watchful of trains approaching a possible or probable crossing of the highway. At

the very least, it way for a jury to say whether, under the circumstances, he was to be held to the kind and measure of care and caution that might be exacted of Kingsley, the driver. The negligence of Kingsley may not be imputed to appellee. West Chicago St. Ry. Co. v. Dougherty, 110 App. 204; and cases there cited. The peremptory instruction was properly refused.

We find no prejudicial error in the trial court's rulings upon evidence or instructions. The plaintiff's third given instruction is, in a measure, subject to the objection that it does not plainly confine and limit the jury to the evidence in estimating the damages, and if the verdict could be regarded as excessive there might be a point in the suggestion, that the jury misunderstood and were misled to the defendant's prejudice. But we do not so regard the verdict, and hold the error was not such as to authorize a reversal of the judgment. It is earnestly insisted by counsel and argued at length, that the verdict is contrary to the manifest preponderance of the evidence, and for this reason that the judgment should be reversed. That there is evidence in the record tending to prove every material fact alleged, we do not think may be seriously denied. That there is dispute and a sharp conflict of testimony as to whether the statutory signal was given must be conceded. That issue and other issues of fact were to be determined by the measure of credit allowed to the witnesses testifying, and this is the province of the jury. The argument is not without reason that generally greater weight should be given to positive testimony, as in this case, by appellant's witness that the bell was ringing, than to that which is called negative testimony, in which appellee's witnesses say that they did not hear it. And yet such testimony is rendered competent and admissible in this kind of case, for the very reason that ordinarily in no other way can the plaintiff establish his cause of action without calling to the stand witnesses whose natural motive and personal interest is with the defendant.

Strictly speaking, it is not negative testimony. The testimony of a witness so situated that he could have heard the bell if ringing, is to be considered and weighed by the jury in connection with all the other circumstances shown, and may be credited as against the positive testimony of other witnesses. The engineer testified that the bell was ringing continuously from the "Y" to the crossing, a distance of 1,300 feet, and the conductor that it was started to ringing as they left the "Y." Appellee, Kingsley, and two other witnesses, quite near enough and so situated as to have heard the bell if ringing, testify that they did not hear it. In any case, the positive statement of a witness, with knowledge obtained through the sense of hearing alone, that the bell was or was not ringing, means no more than that he did or did not hear it. After a careful reading of the evidence and consideration of the entire record, we are unable to say that the verdict is so manifestly against the weight and preponderance of the evidence, upon any material issue in the case, that it may be attributed to mistake, passion or prejudice on the part of the jury, and without such conclusion the verdict should stand. Shevalier et al. v. Seager et al., 121 Ill. 564; Calvert v. Carpenter, 96 Ill. 63; National Stock Yards v. Godfrey, 101 App. 40.

The refusal to require appellee to file security for costs was within the reasonable discretion of the trial court, acting on the affidavits presented, and we cannot say that there was an abuse of such discretion and that appellant was prejudiced thereby in its right to a fair trial.

The judgment will be affirmed.

*Affirmed.*